IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY EUGENE MCKEE,

        Plaintiff,

        v.                         CASE NO. 16-3202-SAC

FRANK DENNING, et al.,

        Defendants.


<u>MEMORANDUM AND ORDER</u>
<u>AND ORDER TO SHOW CAUSE</u>

      Plaintiff Tracy Eugene McKee is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.   Nature of the Matter before the Court**

      Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.   Plaintiff asserts that his constitutional rights have been violated during the prosecution of state criminal charges in Johnson County and Wyandotte County.   Plaintiff claims that the state court acted without jurisdiction because of a failure to bring his case to trial within the 180-day time period set forth in K.S.A. 22-4303 for the disposition of detainers.

      Plaintiff alleges that he entered the Missouri Department of Corrections on January 26, 2015, serving a ten year sentence.  Plaintiff filed two requests for disposition under the IADA, one in Johnson County on April 20, 2015, and one in Wyandotte County on April 24, 2015. Wyandotte County deputies transported Plaintiff from Missouri to Wyandotte County on

March 16, 2016, in Case No. 15CR292.   Plaintiff resolved his case on October 30, 2015.

Plaintiff was held for transport to Johnson County on November 11, 2015, for his appearance in Case No. 15CR110.   Plaintiff alleges that this was more than 185 days after his request for disposition.   Plaintiff filed a motion to dismiss on December 4, 2015, and the motion was denied at a hearing on January 6, 2016.   At the hearing, the State argued that the time period was tolled while he was being held in Wyandotte County.   Plaintiff alleges that an extension of time was not granted for "good cause shown" as authorized by statute.

Plaintiff alleges denial of his December 2015 parole opportunity; unlawful incarceration due to a violation of his speedy trial rights; wrongful incarceration due to denial of prison rehabilitation programs; breach of detainer agreement; and denial of his freedoms under the 5th, 6th, 8th and 14th Amendments to the Constitution and the IADA.

Plaintiff alleges as Count I that the state court lost jurisdiction due to the violation of the IADA and the 5th, 6th, 8th, and 14th Amendments to the United States Constitution.   As Count II, Plaintiff alleges unlawful detainment and illegal incarceration due to the violation of the IADA and the 5th, 6th, 8th, and 14th Amendments to the United States Constitution.   Plaintiff names as Defendants Frank Denning, Johnson County Sheriff, and Steven J. Obermeier, District Attorney. Plaintiff's request for relief includes:   dismissal of Case No. 15CR110 with prejudice; immediate transport to the Missouri Department of Corrections; and monetary compensation for the time he was incarcerated in Johnson County.

The Court has examined the dockets in Plaintiff's cases in the Johnson County District Court, the Kansas Court of Appeals, and the Kansas Supreme Court.   Plaintiff filed a mandamus action (Case No. 115095) in the Kansas Supreme Court on January 20, 2016, and it was denied on September 6, 2016.   It appears that on November 4, 2016, Plaintiff pleaded guilty to one count in

Case No. 15CR110 in Johnson County District Court, and the other two counts were dismissed. Plaintiff appealed on November 23, 2016, and the Kansas Court of Appeals (Case No. 117071) affirmed on July 19, 2017.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true.   *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).   On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Court was prohibited from hearing Plaintiff's claims during the pendency of his state court case under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).   Likewise, the Kansas courts provided Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted).  *See Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v.*

*Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see Buck*, 244 F. App'x at 198. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

It appears as though Plaintiff's state court proceedings relating to his Johnson County case have concluded.   If so, to the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus.   Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).

If Plaintiff has been convicted and a judgment on Plaintiff's illegal detainer claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.   In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by

6

executive order. *Id.* at 486–87. Plaintiff is directed to show cause why his claim for monetary compensation is not barred by *Heck*.

Finally, in any event, Plaintiff's claims against the District Attorney fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions brought under 42 U.S.C. § 1983 that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **January 31, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 12th day of January, 2018.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**